# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3999 | **DATE** | 7/11/2000 |
| **CASE TITLE** | Carl E. Thomas vs. Metra Rail Service etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reason alone (and we do not consider any res judicata bar) we dismiss plaintiff's complaint and deny his in forma pauperis petition as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 11 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 3999 |
| | ) | |
| METRA RAIL SERVICE, | ) | |
| TRANSPORTATION, COMMUNICATION | ) | |
| INTERNATIONAL UNION, ALLIED | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl E. Thomas brings this action against defendants Metra Rail Service (Metra) and Transportation Communication International Union (TCIU) alleging violation of his rights under the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq*. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the reasons set forth below, plaintiff's complaint is dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Indigency is not the sole issue, however. Even if we find that plaintiff is unable to pay court fees, the statute requires us to conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious, it fails to state a claim on which relief may be granted, or that petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's complaint fails this simple test. Without passing on whether plaintiff's lawsuit is frivolous, we note that this is the third time plaintiff has filed a federal action based on the

same underlying facts. The full story has already been told by Judge Norgle in <u>Thomas v. Metra Rail Service</u>, 941 F.Supp. 758 (N.D. Ill. 1996), and Judge Marovich in <u>Thomas v. Metra Rail Service</u>, 1997 WL 638470 (N.D. Ill. Oct. 7, 1997), *aff'd*, 142 F.3d 440 (7th Cir. 1998). In short, plaintiff was allegedly caught stealing approximately $230 in ticket proceeds from Metra while employed there as a ticket sales clerk. Metra conducted an investigatory hearing on September 3, 1993, at which hearing plaintiff was represented by a lawyer from TCIU, and concluded that plaintiff had indeed stolen from the company. Plaintiff subsequently was terminated. Plaintiff appealed Metra's decision to the Public Law Board (PLB), which affirmed the ruling on December 27, 1995. In his prior federal actions plaintiff essentially attempted to overturn the PLB's ruling, arguing in one case that his termination from Metra was in retaliation for filing a civil rights charge against the company, <u>Thomas</u>, 941 F. Supp. at 759, and in the other that the PLB's decision was tainted by fraud, <u>Thomas</u>, 1997 WL 638470, at *1. Both lawsuits were rejected.

Undeterred by his lack of success, plaintiff returns to federal court, this time arguing that TCIU breached its duty of fair representation under the RLA and that Metra violated plaintiff's rights under the collective bargaining agreement.[1] Plaintiff's complaint is a "hybrid action" familiar to federal labor law. *See* <u>Steffens v. Brotherhood of Railway, Airline and Steamship Clerks</u>, 797 F.2d 442, 444 (7th Cir. 1986). Under the RLA, a union member has an implied right of action against his union for breach of the duty of fair representation. *Id.* at

---

[1] Plaintiff's complaint is a narrative rather than a set of numbered allegations and specified causes of action. Plaintiff proceeds *pro se*, however, and we therefore construe the complaint liberally in his favor. *See* <u>Duncan v. Duckworth</u>, 644 F.2d 653, 655 (7th Cir. 1981).

445. The member may include in the same lawsuit a breach of contract claim against his employer if he alleges that the employer contributed to the union's breach. *Id.*; Corzine v. Brotherhood of Locomotive Engineers, 147 F.3d 651, 652-53 (7th Cir. 1998). Plaintiff has done so here. Specifically, plaintiff criticizes the manner in which TCIU represented him during the proceedings regarding the stolen tickets proceeds,[2] and claims that Metra was somehow complicit in this deficient representation.

The Seventh Circuit has adopted a six-month statute of limitations period for hybrid actions brought under the RLA. Dozier v. Trans World Airlines, Inc., 760 F.2d 849, 851 (7th Cir. 1985). The limitations period begins to run once the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged breach of the duty of fair representation. *Id; see* Steffens, 797 F.2d at 445-46. The breach alleged here consists of TCIU's deficient representation of plaintiff throughout the proceedings. Taking the most conservative approach to the complaint – as we must to ensure that all inferences are drawn in plaintiff's favor – we find that the latest act that might support plaintiff's breach of duty theory took place on December 27, 1995. Once the PLB rendered its decision on plaintiff's administrative appeal, the proceedings ended and TCIU's (allegedly deficient) representation of plaintiff ceased. Whatever faults plaintiff may find with TCIU's performance, the allegations indicate that plaintiff either was aware of them at that time or

---

[2] Plaintiff criticizes TCIU's handling of the entire affair, including the investigation, hearing, and PLB appeal. Plaintiff contends, *inter alia*, that TCIU failed to discover exonerating evidence, refused to raise certain claims with the PLB, and neglected to apprise plaintiff of its actions.

could have discovered them with minimal effort.[3] Therefore, the statute of limitations started to run on December 27, 1995. Six months have long since passed. Plaintiff's complaint, filed on June 30, 2000, is time-barred.

For that reason alone (and we do not consider any *res judicata* bar) we dismiss plaintiff's complaint and deny his *in forma pauperis* petition as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 11, 2000.

---

[3]Plaintiff has submitted a letter dated November 4, 1999, in which a PLB official provides information in support of plaintiff's charge that TCIU did not raise certain claims during the PLB appeal (cplt.exh. B). Setting aside the dubious relevance of this evidence, the allegations indicate that plaintiff was informed of TCIU's conduct on this issue prior to December 27, 1995 (cplt. at 3), and plaintiff clearly could have obtained the information contained in Exhibit B long ago by exercising reasonable diligence. In any event, this lawsuit was not filed within six months of the November 4, 1999, letter.